UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWANDA SHINE,

                    Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

18 Civ. 960 (PGG) (OTW)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action brought pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Plaintiff Towanda Shine seeks judicial review of a final determination of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits.  (Cmplt. (Dkt. No. 2); Am. Cmplt. (Dkt. No. 7))

        On February 28, 2019, this Court referred the case to Magistrate Judge Ona T. Wang for a Report and Recommendation ("R&R").  (See Order of Reference (Dkt. No. 9))

        On August 3, 2018, the Commissioner filed a motion to dismiss Plaintiff's claims as time-barred under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Mot. (Dkt. No. 13); Def. Br. (Dkt. No. 14) at 7-11)[1]

        On March 21, 2019, Judge Wang issued an 8-page R&R recommending that the Commissioner's motion be granted and that this action be dismissed.  (R&R (Dkt. No. 20))

        In her R&R, Judge Wang notified the parties that they had 14 days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

Federal Rules of Civil Procedure.  (Id. at 7-8)  The R&R further states that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id. (emphasis omitted))  Neither side filed timely objections to the R&R.

On April 12, 2019, however – more than a week after the deadline to file objections – Plaintiff filed a one-page letter objecting to the R&R.  (Dkt. No. 21)  Plaintiff states that she has a "chronic" and "debilitating" disability and asks the Court "to please waive the dismissal request and reconsider" her application for Social Security benefits.  (Id.)

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

Where, as here, no party has submitted a timely objection to a magistrate judge's R&R – despite clear warning that a failure to file a timely objection will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed Judge

Wang's R&R for clear error.  See Lawler v. Viaport New York, LLC, No. 1:19 CV 548 (GLS) (CFH), 2019 WL 6134180, at *1 (N.D.N.Y. Nov. 19, 2019), appeal dismissed sub nom. Lawler v. Via Port New York, LLC, 2020 WL 3250227 (2d Cir. Apr. 30, 2020) ("[I]n light of [plaintiff's] pro se status, the court has considered his untimely objections for clear error."); see also Ramon v. Corp. City of New York, No. 17-CV-2307(KAM), 2019 WL 1306061, at *2 (E.D.N.Y. Mar. 21, 2019), appeal dismissed, 2019 WL 3406526 (2d Cir. May 21, 2019) ("The court finds that plaintiff's objections were untimely, and as such, may review the R&R for clear error.").

In her R&R, Judge Wang finds that this action should be dismissed as time-barred, reasoning as follows:

> Plaintiff had sixty days from the date of receipt of the Commissioner's final decision to initiate an action in federal district court.  42 U.S.C. §405(g).  Because permitting review of the Commissioner's decision is interpreted as a conditional waiver of governmental immunity, the sixty-day deadline is to be strictly enforced.  Bowen v. City of New York, 476 U.S. 467, 479 (1986); Thomas v. Comm'r of Social Security, No. 1:16-CV-09247 (LTS) (KHP), 2017 WL 3475435, at *3 (S.D.N.Y. June 22, 2017) (holding that the 60-day deadline is "strictly construed" even for pro se plaintiffs); Borrero v. Colvin, No. 14-CV-5304 (LTS) (SN), 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (requiring dismissal even where delay is "minor").
>
> By regulation, the applicant is presumed to have received the final decision within five days of the date of the notice.  20 CFR § 422.210(c).  Because Plaintiff's Appeals Council letter was dated September 13, 2017, Plaintiff is presumed to have received the letter on September 18, 2017.  Therefore, Plaintiff's deadline to file suit was sixty days later, November 17, 2017.  However, Plaintiff did not file suit until February 2, 2018, roughly two-and-a-half months past the deadline.
>
> Even construing the record in the light most favorable towards Plaintiff, there is insufficient evidence to rebut the five-day presumption.  To rebut the presumption of delivery within five days, Plaintiff must provide "affirmative evidence" that the Commissioner's final decision was received more than five days after the date of issuance.  Hall v. Colvin, No. 14-CV-7731 (PGG) (HBP), 2017 WL 4339664, at *3 (S.D.N.Y. Sept. 29, 2017); see also 20 C.F.R. § 422.210(c) (requiring a "reasonable showing to the contrary").  The lone evidence for Plaintiff in the record is her amended complaint, in which she changed her date of receipt to

3

December 21, 2017.  (ECF 7).  However, courts have been clear that submitting affirmative evidence entails "more than merely assert[ing] that [she] did not receive the notice within five days."  Marte v. Apfel, No. 96-CV-9024 (LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998); compare Sherwood v. Berryhill, No. 17-CV-5015 (GWG), 2018 WL 4473336, at *4-5 (S.D.N.Y. Sept. 18, 2018) (finding plaintiff's sworn testimony of late receipt by itself insufficient); Rodriguez v. Comm'r of Social Security, No. 16-CV-02076 (LGS) (BCM), 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017) (finding insufficient pro se plaintiff's complaint alleging late receipt without "evidentiary support"); Marquez v. Comm'r of Social Security, No. 12-CV-8151 (PAE), 2013 WL 3344320, at *4 (S.D.N.Y. July 2, 2013) (finding insufficient date of receipt in pro se plaintiff's complaint without listing reason for delay) with Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (rebutting 5-day presumption where evidence that defendant mailed the notice later); Duran ex rel. Canfield v. Barnhart, No. 03-CV-1089 (HB), 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003) (rebutting presumption after evidence of pattern of mailing more than five days after date of letter); Chiappa v. Califano, 480 F. Supp. 856, 857 (S.D.N.Y. 1979) (rebutting presumption where Plaintiff showed he no longer lived at address notice mailed to).

(R&R (Dkt. No. 20) at 3-5)[2]

As to equitable tolling, Judge Wang found "nothing in the record to show that Plaintiff is entitled to equitable tolling."  (Id. at 5)  Judge Wang observed that Plaintiff has not "allege[d] any extraordinary circumstance" that prevented her from timely filing suit.  (Id.) see Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (noting that equitable tolling requires the litigant to "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way'") (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

This Court sees no error, much less clear error, in Judge Wang's analysis.  See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  Accordingly,

---

[2] In her original complaint, Plaintiff alleged that she received the Appeals Council decision on September 13, 2017.  (R&R (Dkt. No. 20) at 2 (citing Cmplt. (Dkt. No. 2) at 2))  Plaintiff filed the Amended Complaint after the Chief Judge issued an Order granting Plaintiff "leave to amend . . . to address the timeliness of her claims" and directing Plaintiff to "address the reason why she waited more than 120 days after receiving the Notice of Appeals Council action to file her federal action."  (Mar. 23, 2018 Order (Dkt. No. 6) at 4)

Judge Wang's well-reasoned R&R is adopted in its entirety, and the Complaint will be dismissed as time-barred.

## CONCLUSION

For the reasons stated above, the Commissioner's motion to dismiss is granted. The Clerk of the Court is directed to terminate the motion (Dkt. No. 13) and to close the case.

Copy mailed by Chambers.

Dated: New York, New York
      August 11, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge